**CV11-5370**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PATRICK NOEL,

               Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER
WILLIAM J. CARDONE, SERGEANT STEVEN
CATES, NASSAU COUNTY DISTRICT
ATTORNEY'S OFFICE, ASSISTANT DISTRICT
ATTORNEY MAUREEN MCCORMICK, JANE/JOHN
DOE NASSAU COUNTY POLICE DEPARTMENT
OFFICERS, JANE/JOHN DOE NASSAU COUNTY
DISTRICT ATTORNEY EMPLOYEES,

               Defendants.
-----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 02 2011 ★
BROOKLYN OFFICE

COMPLAINT

JURY TRIAL DEMANDED

SUMMONS ISSUED

SEYBERT, J
LINDSAY, M.J.

The Plaintiff, complaining of the defendants, by his attorney, AMY MARION, ESQ., respectfully shows to this Court and alleges that he suffered abuse and sustained injury at the hands of the above defendants.

## JURISDICTION AND VENUE

1.     Jurisdiction is founded upon the existence of a Federal Question.

2.     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 and arising under the laws and statutes of the State of New York..

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3), and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

1

4.	That venue is proper pursuant to 28 U.S.C. §1391(b)(1&2).

5.	The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6.	That an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

7.	That this Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. §1367.

## JURY DEMAND

8.	Pursuant to the Seventh Amendment of the United States Constitution, Mr. Noel requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

9.	Plaintiff, Patrick Noel, is a resident of Nassau County in the State of New York.

10.	Defendant County of Nassau is a municipality that is a political subdivision of the State of New York, was the employer of defendants Cardone, Cates, McCormick and Jane/John Doe defendant officers and employees of the Nassau County District Attorney's Office, and is and was at all times relevant to this complaint responsible for the policies, practices, and customs of the Nassau County Police Department and the Nassau County District Attorney's Office.

11.	Defendants Cardone, Cates, and Jane/John Doe defendant officers were at all times relevant to this complaint duly appointed and acting police officers of the Nassau County Police Department, acting under color of law pursuant to the statutes, ordinances, regulations, policies, customs and usage of the County of Nassau and the State of New York. Defendants Cardone and Jane/John Doe defendant officers are sued in their individual capacity, Defendant Cates is sued in his individual and official capacity.

12.	Defendant McCormick and Jane/John Doe employees of the Nassau County District

Attorney's Office, at all times relevant to this complaint were duly appointed assistant district attorneys for the Nassau County District Attorney's Office, acting under color of law pursuant to the statutes, ordinances, regulations, policies, customs, and usage of Nassau County and the State of New York. Defendant McCormick is sued in her individual and official capacity and Jane/John Doe employees of the Nassau County District Attorney's Office are sued in their individual capacity.

13. The Nassau County Police Department, is a local governmental agency, duly formed and operating under and by virtue of the laws and Constitution of the State of New York and the County of Nassau and is responsible for the policies, practices and customs of the Nassau County Police Department as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

14. The Nassau County District Attorney's Office, is a local governmental agency, duly formed and operating under and by virtue of the laws and Constitution of the State of New York and the County of Nassau and is responsible for the policies, practices and customs of the Nassau County District Attorney's Office as well as the hiring, screening, training, supervising, controlling and disciplining of its assistant district attorneys and civilian employees.

## PENDENT STATE CLAIMS

15. That Notice of the Plaintiff's claims, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the County of Nassau within ninety days of the acts giving rise to this Complaint.

16. A 50-H hearing was not requested.

17. That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or

payment thereof.

18. That this action is commenced within one year and ninety days after the causes of action arose.

19. That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602 (1) (b).

## STATEMENT OF FACTS

20. On August 18, 2010 at approximately 10:00 p.m., Patrick Noel was traveling west bound on Old County Road in Westbury, New York when a pedestrian darted out into the middle of the road. Mr. Noel's vehicle struck the pedestrian who died as a result of injuries sustained from the impact of the vehicle.

21. Defendant Cardone was the first patrol car to respond to the scene. Other Nassau County Police Officers and Nassau County Detectives responded to the scene.

22. Defendant Maureen McCormick and unidentified Nassau County District Attorney employees responded to the scene and/or spoke with officers at the scene and instructed them to arrest Mr. Noel.

23. At 10:30 p.m. Mr. Noel was arrested and placed in police custody by defendant Cardone and other unidentified Nassau County Police Department officers.

24. On August 19, 2010, Mr. Noel was arraigned and charged with Vehicular Assault in the Third Degree purportedly in violation of Penal Law Section 120.03-A according to the felony complaint.

25. The New York State Penal Law does not contain a Section 120.03-A and there is no crime for which Mr. Noel was purportedly charged.

26. At his arraignment, a representative from the District Attorney's Office indicated that

they would be withdrawing the felony charge as it was not a crime which had been enacted into law. However, the defendants continued to prosecute Mr. Noel for two traffic infractions.

27. On March 14, 2011 all charges against Mr. Noel were dismissed.

## DAMAGES

28. The actions of the defendants deprived plaintiff Patrick Noel of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws for New York.

29. The unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad-faith acts and omissions of the defendants caused Patrick Noel to be wrongly seized and maliciously prosecuted for crimes he did not commit.

30. The unlawful, intentional, willful, deliberately indifferent, reckless, negligent, and/or bad-faith acts and omissions of the defendants caused Patrick Noel the following injuries and damages, which were foreseeable to the defendants at the time of their acts and omissions, and which continue to date into the future: mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation for which he is entitled to monetary relief.

31. All the acts and omissions committed by the defendants described herein for which liability is claimed were done intentionally, unlawfully, maliciously, wantonly, recklessly, negligently and/or with bad faith, and said acts meet all of the standards for imposition of punitive damages.

## COUNT I

### Claim for False Arrest and Unlawful Search and Seizure pursuant to 42 U.S.C. § 1983 in violation of the Fourth Amendment

32. Mr. Noel hereby incorporates by reference all of the foregoing paragraphs and further

alleges as follows.

33. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, in that plaintiff was illegally seized.

34. That the said acts, were caused by the defendants and Jane/John Doe defendants without any legal justification.

35. That the Defendants conspiring together caused the Nassau County Police Department defendants to confine Mr. Noel, that all of the defendants intended to confine Mr. Noel, that Mr. Noel was conscious of the confinement, Mr. Noel did not consent to the confinement and the confinement was not otherwise privileged.

36. That the said seizure and unlawful detention was caused by all of the defendants acting together and without authority of the law and without any legal basis or probable cause to believe that Mr. Noel was in fact guilty of crimes.

37. That the said seizure and unlawful detention was caused by the defendant Assistant District Attorney McCormick and unidentified Nassau County Assistant District Attorneys who gave legal advice to defendants Cates and Cardone in the investigative phase of the criminal case before any formal proceeding had begun and before there was probable cause to arrest.

38. That the said seizure and unlawful detention was caused by the defendant Assistant District Attorney McCormick who gave legal advice to defendants Cates and Cardone in the investigative phase of the criminal case and who instructed defendants Cates and Cardone to arrest the plaintiff.

39. That the said seizure and unlawful detention was caused by the defendants Cates and Cardone who acted in concert with and conspired with Assistant District Attorney McCormick and unidentified Nassau County Assistant District Attorneys to arrest the plaintiff.

40. That by reason of the unlawful seizure, the Mr. Noel incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, damage to his reputation in the community and he was otherwise injured.

41. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined at trial and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## COUNT II

### Claim for Malicious Prosecution pursuant to 42 U.S.C. § 1983 in Violation of the Fourth and Fourteenth Amendments

42. Mr. Noel hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

43. The defendants, despite knowing that probable cause did not exist to arrest and prosecute Mr. Noel, acted individually and in concert to cause Mr. Noel to be arrested and prosecuted. The defendants' conduct violated Mr. Noel's rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable search and seizure.

44. Specifically, defendants knew or in the absence of their deliberate and reckless indifference to the truth, should have known that probable cause did not exist to arrest and prosecute Mr. Noel.

45. The defendants' acts were shocking and were performed by the defendants with deliberate and reckless disregard for the truth and with malice.

46. In fact, the charges against Mr. Noel were dismissed. The prosecution was terminated in Mr. Noel's favor.

47. Defendants' actions to deprive Mr. Noel of his liberty without probable cause were in violation of clearly established constitutional law and no reasonable law enforcement authority would have believed that the defendants' actions were lawful.

48. As a direct and proximate result of defendants' actions, Mr. Noel was wrongly prosecuted for seven months and suffered injuries and damages as set forth above.

49. That by reason of the malicious prosecution, Mr. Noel incurred physical harm, mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation for which he is entitled to monetary relief.

## COUNT III

### Supervisor Liability pursuant to 42 U.S.C. § 1983 in Violation of the Fourth and Fourteenth Amendments

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

51. That the plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the defendants who were supervisors of the officers and Assistant District Attorneys who violated and abused plaintiff's rights.

52. That these defendants, Cates, McCormick, Unidentified Police Officers and Unidentified Assistant District Attorneys who were supervisors had actual and constructive knowledge of the illegal seizure, false arrest, and malicious prosecution which were being committed by their subordinates against the plaintiff.

53. That the defendant supervisors did cause the plaintiff's harms by failing to remedy the patterns of false arrest and malicious prosecution and other constitutional violations that the defendants committed after learning of them, and by creating a policy and custom under which unconstitutional practices occurred and was tolerated.

54. Defendant officers and defendant Assistant District Attorney's who were supervisors were grossly negligent in managing their subordinates.

55. That by reason of the unlawful seizure, detention, and malicious prosecution, Mr. Noel incurred physical harm, mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation for which he is entitled to monetary relief.

56. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined at trial and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## COUNT IV

### 42 U.S.C. § 1983 – Monell Claim

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

58. That the plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the defendant County of Nassau.

59. Defendants County of Nassau, Nassau County Police Department, Nassau County District Attorney's Office, Assistant District Attorney McCormick, Sergeant Steven Cates, unidentified Nassau County District Attorney employees and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's constitutional rights under the constitution and the laws of the United States, in that they failed to adequately discipline, train, supervise or otherwise direct police officers and failed to adequately discipline, train, and supervise assistant district attorneys and Nassau County District Attorney employees in connection with fundamental and recurring constitutional and ethical duties.

60. Defendants County of Nassau, Nassau County Police Department, Nassau County District Attorney's Office, Assistant District Attorney McCormick, Sergeant Steven Cates,

unidentified Nassau County District Attorney employees and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers and District Attorney employees, including the defendants in this case for violations of the constitutional rights of citizens, thereby causing defendants in this case, to engage in unlawful conduct which did cause the plaintiff to be subjected to deprivations of his civil rights.

61.     6Defendants County of Nassau, Nassau County Police Department, Nassau County District Attorney's Office, Assistant District Attorney McCormick, Sergeant Steven Cates, unidentified Nassau County District Attorney employees and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers and District Attorney employees, including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers and other District Attorney employees thereby causing and encouraging police officers and District Attorney employees, including defendants in this case, to engage in unlawful conduct.

62.     Defendants County of Nassau, Nassau County Police Department, Nassau County District Attorney's Office, Assistant District Attorney McCormick, Sergeant Steven Cates, unidentified Nassau County District Attorney employees and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have failed to train the defendants in the proper criteria to investigate vehicular crimes and in understanding the rights of citizens.

63.     Defendants County of Nassau, Nassau County Police Department, Nassau County District Attorney's Office, Assistant District Attorney McCormick, Sergeant Steven Cates,

unidentified Nassau County District Attorney employees and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have failed to train the defendants in the proper criteria to properly conduct an investigation.

64. Defendants County of Nassau, Nassau County Police Department, Nassau County District Attorney's Office, Assistant District Attorney McCormick, Sergeant Steven Cates, unidentified Nassau County District Attorney employees and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have failed to train the defendants and insure that defendants understand proper comportment, are capable of maintaining appropriate control of their tempers, and are capable of behaving appropriately and properly when wielding the force of law enforcement authority.

65. Defendants County of Nassau, Nassau County Police Department, Sergeant Steven Cates, and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have failed to train the defendants as to the existence and elements of the affirmative duty of a law enforcement officer to intervene to prevent the preventable violations of citizens' civil rights from being perpetrated by a fellow officer in his or her presence.

66. That by reason of the supervisor's policy and practice of callus, reckless and deliberate indifference to plaintiff's constitutional rights the plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, his reputation in the community and he was otherwise injured.

67. That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## COUNT V

### 42 U.S.C. § 1983 – Failure to Intervene

11

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

69. That the plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the individual defendants.

70. That there exists a duty for defendants to intervene to prevent the preventable violation of civil rights taking place in their presence when there is a reasonable opportunity to do so.

71. That such opportunity existed for the defendants in the instant case.

72. That the defendants, by failing in their affirmative duty to intervene are responsible for the violations of the plaintiff's Fourth and Fourteenth Amendment rights.

73. That by reason of the unlawful seizure, detention and malicious prosecution the plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, and he was otherwise injured.

74. That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## COUNT VI

### Malicious Abuse of Process under 42 U.S.C. §1983

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

76. The District Attorney defendants issued legal process to place plaintiff under arrest.

77. That the District Attorney defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process, for the political and public perception that the Nassau county District Attorney takes the hardest and strictest stand on DWIs.

78. The District Attorney defendants acted with intent to do harm to plaintiff without excuse

or justification.

79.  That defendants aforementioned actions were conscience shocking and placed plaintiff in apprehension of emotional injuries.

80.  As a result of defendants' conduct, plaintiff has suffered mental anguish, together with shock, fright, apprehension, embarrassment, humiliation and was otherwise harmed damaged and injured.

## COUNT VII

### New York State Law – False Arrest

81.  Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

82.  That the plaintiff's rights have been violated under New York State Law, in that the plaintiff was falsely arrested by the defendants.

83.  That the said false arrest, was caused by the defendants, their agents, servants and employees, without any legal justification to wit, without probable cause and that the defendants confined the plaintiff, defendants intended to confine plaintiff, plaintiff was conscious of the confinement, plaintiff did not consent to confinement, and confinement was not otherwise privileged.

84.  That the defendants conspired together to violate plaintiff's rights in that the individual defendants acted in concert to unlawfully violate plaintiff's rights in committing the false arrest of the plaintiff.

85.  That by reason of the unlawful seizure, and detention, the plaintiff incurred mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and he

was otherwise injured.

86. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined by a jury.

## COUNT VIII

### New York State Law – Malicious Prosecution

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

88. Plaintiff's rights have been violated pursuant to the common law of the state of New York via a malicious prosecution.

89. That the said malicious prosecution was initiated by the defendants without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in his favor via a dismissal and in that the action was commenced and continued intentionally, with malice and deliberate indifference to plaintiff's rights by the defendants.

90. That defendants swore falsely as to the alleged criminal actions of plaintiff and caused the criminal prosecution to be commenced and continued before the false charges terminated in his favor.

91. That by reason of the malicious prosecution, the plaintiff incurred mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and he was otherwise injured.

92. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined by a jury.

## COUNT IX

### New York State Law – Respondeat Superior

93. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

94. At all times relevant to this complaint, defendants Cates, McCormick, Unidentified Police Officers and Unidentified Assistant District Attorneys acted as agents of, and in the scope of their employment with, defendant Nassau County. The conduct by which defendants, Cates, McCormick, Unidentified Police Officers and Unidentified Assistant District Attorneys committed the torts of assault and battery and malicious prosecution was undertaken while defendants were carrying out their routine function as assistant district attorneys and police officers and while defendants were engaged in such conduct as would have been reasonably expected by, and was in fact foreseen by, their employer. Nassau County is liable for the individually named defendants' state law torts of false arrest and malicious prosecution under the doctrine of respondeat superior.

95. That by reason of the false arrest and malicious prosecution the plaintiff incurred mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and she was otherwise injured.

96. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined by a jury.

## COUNT X

### New York State Law – Negligent Hiring, Training, Supervision, Retention

97. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs with the same force and effect as if more fully and at length set forth herein.

98. That the defendants County of Nassau, Nassau County District Attorney's Office and Nassau County Police Department negligently hired, trained and supervised the other said defendants who lacked the experience, comportment and ability to be employed by the defendants, in that the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as employees of the aforementioned defendants; failing to investigate the above-named defendants' background and in that they hired and retained as employees individuals who were unqualified in that the defendants lacked the maturity, sensibility and intelligence to be employed in their capacity as assistant district attorneys and officers when they were hired.

99. That the defendants County of Nassau, Nassau County District Attorney's Office and Nassau County Police Department failed to train employees in the proper criteria for determining probable cause to arrest; proper knowledge of current penal codes, and exercise the proper comportment and temperament; and to otherwise act as reasonably prudent assistant district attorneys and police officers; failed to give them proper instruction as to their investigations, behavior and conduct as representative of their employers; and, in that the defendants, their agents, servants and employees were otherwise reckless, careless, deliberately indifferent and negligent.

100. That by reason of the negligent hiring, training and supervision the plaintiff incurred mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and he was otherwise injured.

101. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

WHEREFORE, Patrick Noel prays as follows:

A. That the Court award compensatory damages to him and against the defendants jointly and severally, in an amount to be determined at trial;

B. That the Court award punitive damages to him, and against all non-municipal defendants, in an amount, to be determined at trial, that will deter such conduct by defendants in the future;

C. For a trial by jury;

D. For a pre-judgment and post-judgment interest and recovery of his costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

E. For any and all other relief to which he may be entitled.

Dated: November 1, 2011
Garden City, New York

By: _____
Amy Marion, Esq. (AM-7761)
666 Old County Road-Suite 900
Garden City, N.Y. 11530
(516) 745-0101